This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37961**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KENDRICK JOEY, SR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals his conviction for aggravated battery (great bodily harm).  We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by

any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations  omitted).

**{3}**     In order to prove the charge, the State had to present evidence that Defendant intentionally hit Victim with the intent to injure, and that it caused great bodily harm. [RP 109] Great bodily harm means an injury that creates a high probability of death or results in serious disfigurement, loss of any member or organ, or results in permanent or prolonged impairment of the use of any member or organ of the body. [RP 110]

**{4}**     Here, Victim was a fellow inmate who was found severely beaten. [DS 2] A video of the incident showed Defendant and Victim involved in a fight, with Defendant placing Victim in a headlock until Victim passed out. [DS 3] Defendant punched Victim in the face approximately 33 times while Victim was unconscious. [DS 3] When Victim awoke, Defendant kicked and elbowed him 9 times, after which Defendant placed both hands around Victim's neck for a few seconds before leaving the area. [DS 3] Victim was taken to a hospital and treated for multiple fractures to his face and blood in his brain. [DS 3] Victim testified that he suffered bleeding on his brain and fractures to his skull and eye socket, and has had impaired vision since the accident. [DS 5]

**{5}**     Defendant claims that this was insufficient evidence of great bodily harm, because there was no evidence from a medical professional or expert about the nature of the injury. [MIO 6] However, such testimony is not required. *Cf. State v. Jim*, 1988-NMCA-092, ¶¶ 20-23, 107 N.M. 779, 765 P.2d 195 (construing "protracted impairment" as a non-technical term subject to reasonable jury interpretation). In addition, as the aggravated battery instruction illustrates [RP 109], aggravated battery by great bodily harm "requires only that great bodily harm could result, not that it must result." *State v. Pettigrew*, 1993-NMCA-095, ¶ 7, 116 N.M. 135, 860 P.2d 777; *see also* NMSA 1978, § 30-3-5(C) (1969) (defining aggravated battery). Finally, to the extent that Defendant argues that expert testimony was necessary to establish a nexus between the fight and the injury [MIO 7], we conclude that the testimony was sufficient to permit a jury to reasonably find causation, and that additional evidence could have been presented by either side to either bolster or undermine the State's case.

**{6}**     For the reasons set forth above, we affirm.

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**